Daniel, Judge.
In the County Court, where this action commenced, the defendants plead separately “ non assump-sit.” The jury, as they ought to have done, assessed the damages jointly, and the judgment under our statute accordingly was joint — that the plaintiff recover his damages and costs, to be levied of the goods and chattels, lands and tenements of Jos. J. Ward, and of the goods and chattels which were lately belonging to John L. Ward, dec’d., now in the hands of William D. Jones, his administrator, to be administered. The administrator of John L. Ward prayed an appeal, and the other defendant objected to the appeal. We think this case is governed by the case of Hicks v. Gilliam, 4th Dev. Rep. 217, and that the judgment of the Superior Court, dismissing the appeal, was correct. The County Court has a power to grant new trials, on each and every ground that the Superior Court has. If the verdict had been against the law or the evidence, that court could have had the case submitted to another jury, at the instance of any of the parties complaining. An appeal entirely vacates the judgment, and cannot be allowed at the'instance of one person against the will of another who is jointly bound by the judgment. If a point of law relative to the cause, be raised on the trial, and either party .is dissatisfied *156 with the decision of the court, it may be the subject of a bill of exceptions. Then one of several plaintiffs or defend-an*s may bi tbe name of all, bring a writ of error, and transmit the whole record into the Superior Court. The granting a writ of error, only suspends the execution; the judgment stands firm until it is reversed in the Superior Court. But even after the record is transmitted into the Superior Court by writ of -error, one plaintiff in error cannot without summons and severance assign errors without the authority of his co-plaintiffs. If he does, the defendant in error may move to quash the proceedings. The decision of the Superior Court in this case being correct the judgment must be affirmed.
Per. Curiam. Judgment affirmed.